IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CLIFFORD W. MANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-1089 |
| v. | ) | JUDGE HAYNES |
| | ) | |
| THE METROPOLITAN GOVERNMENT OF | ) | |
| NASHVILLE DAVIDSON COUNTY, | ) | |
| TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is the Defendant's motion for judgment on the pleadings (Docket Entry No. 28), contending that Plaintiff's claims are barred by the applicable statute of limitations.

As to Plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., in his pro se complaint, Plaintiff named as Defendants: the Metropolitan Police Department, Ronald Serpas, Steve Anderson, Gordon Howey, K.O. Jenkins, Christopher Taylor, David Howard, and Joseph Bishop. Plaintiff received his "right to sue letter" on July 24, 2008 from the Equal Employment Opportunity Commission ("EEOC") that listed the Metropolitan Police Department as the entity against which Plaintiff filed his EEOC charge. Plaintiff filed this action on October 20, 2008 within the 90-day time period. On April 13, 2009, Plaintiff retained counsel, who caused a summons to be served only on the Metropolitan Government of Nashville and Davidson County ("Metro") as the only defendant.

The Defendant contends that as to its liability, Plaintiff's complaint was not filed within 90 days after receipt of his right to sue letter and that his complaint cannot "relate back" to his original complaint under Fed. R. Civ. P. 15(c) because Metro would be a new party added after the 90 days

limitations period. Given the appearance of common counsel, this motion is **DENIED.** An evidentiary hearing is required on whether the Defendant Metro had actual knowledge of Plaintiff's EEOC charge and complaint prior to the issuance of the summons. See <u>Smith v. Sofco, Inc.</u>, 142 F.3d 436 1998 WL 109997 at *3 (6th Cir. March 2, 1998).

As to Plaintiff's state law claims, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims and those claims are **DISMISSED without prejudice.**

For these reasons, the Defendant's motion for judgment on the pleadings is **DENIED.**

It is so **ORDERED**.

**ENTERED** this the ___11___ day of February, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

2